UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| AFSHIN BAHRAMPOUR, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:13-cv-02186-APG-GWF |
| | ) | |
| vs. | ) | |
| | ) | **O R D E R** |
| STATE OF NEVADA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by an inmate. Plaintiff has submitted a complaint and seeks leave to proceed *in forma pauperis*. (Dkt. #1). This matter has not been properly commenced because plaintiff submitted incomplete financial paperwork. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, plaintiff must attach both an inmate account statement for the past six months and a properly executed financial certificate. Plaintiff has failed to submit a properly executed financial certificate signed by a prison or jail official. Without the complete printout showing daily account activity over the full six-month period, the court is unable to assess whether the current balance on the financial certificate is representative of petitioner's ability to pay. The court is unable to see, *inter alia*, the regularity and amount of any incoming funds as well as the extent to which petitioner is making discretionary expenditures that instead could be applied to payment of the filing fee.

It does not appear from the papers presented that a dismissal without prejudice would result in a promptly-filed new complaint being untimely. In this regard, plaintiff at all times remains responsible for calculating the running of the limitations period as applied to this matter and properly commencing a timely-filed civil rights action.[1]

**IT THEREFORE IS ORDERED** that the application (Dkt. #1) to proceed *in forma pauperis* is **DENIED** and that this action is **DISMISSED WITHOUT PREJUDICE** to the filing of a new complaint in a new action with a properly completed pauper application with all new and complete financial attachments in compliance with 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that all pending motions are **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send plaintiff two copies of an *in forma pauperis* application form for a prisoner, one copy of the instructions for same, two copies of a blank 42 U.S.C. § 1983 prisoner civil rights form, and one copy of instructions for the same. The Clerk shall also send plaintiff a copy of the complaint in this action, at Dkt. #1.

**IT IS FURTHER ORDERED** that plaintiff may file a new complaint and *in forma pauperis* application in a new action, but may not file further documents in this action.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that this Court **CERTIFIES** that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

Dated:   December 2, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Section 1983 does not contain a specific statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985); *Vaughan v. Grijalva*, 927 F.2d 476, 478 (9th Cir. 1991). The Supreme Court has determined the appropriate statute of limitations for all § 1983 claims, regardless of the facts or legal theory of the particular case, is the forum state's statute of limitations for personal injury actions. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir.) (per curiam), *cert. denied*, 493 U.S. 860 (1989). The statute of limitations in Nevada for personal injuries is two years. *See* Nev. Rev. Stat. § 11.190(4)(e).